# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ALIOU YERO WARR,<br>      Petitioner, | Case No. 1:19-cv-218<br><br>Dlott, J.<br>Bowman, M.J. |
| v. | |
| FIELD OFFICE DIRECTOR,<br>      Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, Aliou Yero Warr, a citizen and national of Mauritania, has filed, through counsel, this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Currently before the Court is petitioner's petition for a writ of habeas corpus (Doc. 1); respondent's return of writ (Doc. 5), petitioner's reply (Doc. 7), respondent's sur-reply (Doc. 9), petitioner's response to the sur-reply (Doc. 10), and petitioner's second response to the sur-reply (Doc. 12). For the reasons stated below, it is recommended that the petition be **DISMISSED without prejudice** as moot.

In March 2019, petitioner initiated this action by filing a petition for a writ of habeas corpus. (Doc. 1). Therein, petitioner challenged his continued detention by the United States Immigration and Customs Enforcement Agency (ICE) pursuant to a removal order. (*See* Doc. 1, at PageID 4). Petitioner was taken into ICE custody on or about June 27, 2018. (Doc. 1, at PageID 2). Petitioner argued that his continued detention was unlawful because he had been detained for more than six months with no significant likelihood of his actual removal, in violation of *Zadvydas v. Davis*, 553 U.S. 678 (2001).[1] (*See* Doc. 1, at PageID 4). Petitioner sought immediate release from detention. (*See* Doc. 1, at PageID 8).

---

[1] In *Zadvydas*, the Supreme Court held that indefinite detention of an alien who has been ordered removed was not authorized by 8 U.S.C. § 1231(a) and created a presumptive rule that after six months of custody an alien should be released if there is "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Respondent indicates that, since the filing of petitioner's petition, petitioner has been released from ICE custody pursuant to an Order of Supervision. (*See* Doc. 9). Respondent has submitted the Declaration of Paul Brower, a Supervisory Detention and Deportation Officer for ICE. Brower attests that petitioner was released from ICE custody on June 28, 2019, on an Order of Supervision, which is attached to the Declaration. (*See* Doc. 9, Ex. 1, Brower Declaration, at PageID 97-104). In light of petitioner's release from ICE custody, respondent contends that the petition should be dismissed for lack of jurisdiction. (Doc. 9, at PageID 93-96).

Article III, § 2, of the United States Constitution limits the federal judicial power to the adjudication of cases and controversies. In the context of a habeas corpus petition, a district court generally lacks jurisdiction over the petition if the petitioner is not in government custody. Therefore, except in limited circumstances not applicable to the case-at-hand,[2] a petitioner's release from custody generally moots a habeas petition. *See Lane v. Williams*, 455 U.S. 624, 631–32 (1982).

Petitioner has not challenged his removal order in this case. Instead, his sole claim was a challenge to his continued detention pending removal. (*See* Doc. 1). In these circumstances, petitioner's June 28, 2019 release from detention renders this action moot and deprives the Court of jurisdiction. *See Felix v. Bureau of Immigration and Customs Enforcement*, No. 3:05-cv-2211, 2007 WL 951452, at *1 (M.D. Pa. Mar. 27, 2007) ("When an alien subject to removal challenges only his detention pending removal, his release pending removal, whether or not conditional, entails no collateral consequences. It renders the petition moot because he has received all the relief he sought and would have been entitled to."); *see also Kahn v. Attorney General*, Case Nos.

---

[2]As set forth below, petitioner has not alleged nor is the undersigned aware of any basis to find that petitioner will suffer future collateral consequences as a result of the detention or that the case is "capable of repetition, yet evading review." *See Spencer v. Kemna*, 523 U.S. 1, 7–8, 17–18 (1998).

1:15-cv-2014, 1:16-cv-85, 2016 WL 4004616, at *2 (N.D. Ohio May 17, 2016) ("As Petitioner has received his requested relief by being released from custody on an order of supervision, there is no longer an active case or controversy.") (Report and Recommendation), *adopted*, 2016 WL 4009885 (N.D. Ohio June 25, 2016); *Willix v. Holder*, No. 1:11-cv-894, 2012 WL 463830, at *1 (W.D. Mich. Jan 24, 2012) (finding habeas petition moot where petitioner seeking release pending removal is released pursuant to an order of supervision) (Report and Recommendation), *adopted*, 2012 WL 463825 (W.D. Mich. Feb. 13, 2012).

Petitioner has not alleged any basis to find that there are collateral consequences that success on the instant petition can remedy, or that the case is "capable of repetition, yet evading review." *See Spencer v. Kemna*, 523 U.S. 1, 7–8, 17–18 (1998). *Cf. Ashqar v. LaRose*, No. 4:18-cv-1141, 2019 WL 1793000, at *12-13 (N.D. Ohio Mar. 26, 2019) (Report & Recommendation), *adopted*, 2019 WL 1790453 (N.D. Ohio Apr. 24, 2019) (explaining that "even to the extent that Petitioner's claims are capable of repetition should he be re-detained, they will not evade review. . . . Petitioner would then be free to bring a new habeas petition based on such new facts and circumstances."). Petitioner has not provided the Court with any authority challenging the individual conditions of his confinement. *See Berry v. Adducci*, No. 10-10969, 2010 WL 2105130, at *4 (E.D. Mich. May 25, 2010). *See also* 8 U.S.C. § 1231(a)(3), (6); 8 C.F.R. § 241.5; *Zadvydas*, 533 U.S. at 696 ("The choice . . . is not between imprisonment and the alien 'living at large.' . . . It is between imprisonment and supervision under release conditions that may not be violated."); *Zavala v. Prendes*, No. 3-10-cv-1601-KBD, 2010 WL 4454055, at *2 (N.D. Tex. Oct. 5, 2010) (Report & Recommendation) (finding analogous supervision requirements to be reasonable) (citing cases), *adopted*, 2010 WL 4627736 (N.D. Tex. Nov. 1, 2010). Further, to the extent that

petitioner seeks to enjoin any future hypothetical detention (*see* Doc. 12, at PageID 110), such a claim is merely speculative and not yet ripe. *See, e.g.*, *Ashqar*, 2019 WL 1793000, at *14-15.

Accordingly, in sum, the Court **RECOMMENDS** this action be **DISMISSED without prejudice** as moot.

### IT IS THEREFORE RECOMMENDED THAT:

1  Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED without prejudice** as moot.

2.  A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that it lacks subject-matter jurisdiction.[3]  *See, e.g.*, *Wunderlich v. City of Flushing*, No. 14-cv-14626, 2014 WL 7433411, at *3 (E.D. Mich. Dec. 31, 2014) (applying *Slack* to dismissal for lack of subject matter jurisdiction).

3.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis.  See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

*Stephanie K Bowman*

Stephanie K. Bowman
United States Magistrate Judge

---

[3]Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition.  *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ALIOU YERO WARR,
    Petitioner,

v.

FIELD OFFICE DIRECTOR,
    Respondent.

Case No. 1:19-cv-218

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).